**Thomas W. SLUSSER, Plaintiff,**

v.

**ORANGE COUNTY PUBLIC SCHOOLS, a political subdivision of the State of Florida; and Don Shaw, individually, and in his official capacity as head of Orange County Public Schools, Defendants.**

No. 95–855–CIV–ORL–19.

United States District Court,
M.D. Florida.

July 15, 1996.

Carol Swanson, Law Office of Carol Swanson, Orlando, FL, for Thomas W. Slusser.

Frank C. Kruppenbacher, Kruppenbacher & Assoc., P.A., Orlando, FL, James G. Brown, Brown & Green, P.A., Orlando, FL, for Orange County Public Schools, and Don Shaw.

### ORDER

FAWSETT, District Judge.

This cause came before the Court on Defendants' Motion for Summary Final Judgment and supporting Memorandum of Law

(Doc. Nos. 17 & 18, filed May 1, 1996), Plaintiff's Response to Defendants' Motion for Summary Final Judgment and Incorporated Memorandum of Law (Doc. No. 28, filed May 28, 1996). The parties have also submitted the following documents in support of their respective positions:

Deposition of Thomas William Slusser (Doc. No. 20)

Affidavit of Linda Sutherland (Doc. No. 22)

Affidavit of Donald Shaw (Doc. No. 23)

Affidavit of Dan Wolven (Doc. No. 24)

Affidavit of Leigh Ann Blackmore (Doc. No. 25)

Deposition of JoAnn Bothwell (Doc. No. 31)

Deposition of Janet Spangler (Doc. No. 32)

Deposition of Dan Wolven (Doc. No. 33)

Deposition of Larry Creech (Doc. No. 34)

Deposition of Larry Boyd (Doc. No. 35)

Deposition of Dr. Donald Shaw (Doc. No. 36)

Notice of Supplemental Authority (Doc. No. 39)

Notice of Supplemental Authority (Doc. No. 45)

Notice of Supplemental Authority (Doc. No. 47)

### BACKGROUND

At all times material to his complaint, Plaintiff was employed by Defendant Orange County Public Schools ("Orange County") as a welder. His claims involve the allegedly preferential treatment of two female co-workers. In the summer of 1991 in two separate incidents, the Plaintiff was physically attacked by co-worker Janet Spangler. On the first occasion he was bitten in the shoulder by Spangler and the second time he was punched in the ear, resulting in a gradual partial hearing loss.[1] While working with the Plaintiff, Spangler allegedly drove a county truck while she was under the influence of alcohol. Plaintiff complained to his supervisor about each of these incidents.

Plaintiff contends that management refused to do anything about Spangler's behavior because of an unwritten policy that female employees were to be treated better than male employees.

Plaintiff also contends that co-worker JoAnn Bothwell received a promotion and raise because of her sex, although Plaintiff had applied and was better qualified for the position. Plaintiff states that Bothwell has consistently earned higher pay since this discriminatory promotion.

Plaintiff's five count Amended Complaint alleges violations of his fundamental right to due process, equal protection and liberty interests under section 1983, "reverse discrimination" under Title VII, and wage discrimination and "reverse discrimination" under Florida law. Defendants have either jointly or individually moved for summary judgment on each count of the amended complaint.

### LEGAL ANALYSIS

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

---

1. The facts concerning these incidents and the individuals who allegedly had knowledge of them are unclear as principal witnesses have given contradictory deposition testimony. (Doc. Nos. 20, 33 & 34). These discrepancies do not preclude the Court from ruling on the Defendant's motion.

■ On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth Inc.*, 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

## COUNTS I–III—Fundamental Right to Bodily Integrity Liberty interest

■ Plaintiff alleges that his rights have been violated due to the Defendants' alleged failure to protect him from physical attacks by a female co-worker. In the Amended Complaint, he contends that he has a fundamental right to bodily integrity [2] which was violated along with a constitutionally protected property interest in his employment.

■ To state a cause of action under 42 U.S.C. § 1983, Plaintiff must show that (1) the harm allegedly suffered was caused by a constitutional violation; and (2) the defendant is responsible for that violation. *See Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992) (citation omitted). Although the parties disagree on its application, this Court finds *Collins v. City of Harker Heights*, to be dispositive of the claim contained in Count I. In *Collins*, the widow of a city sanitation department employee brought a section 1983 action when her husband died from asphyxiation after entering a manhole to unstop a sewer line. *Id.* at 117, 112 S.Ct. at 1064. The Supreme Court read the widow's claim as advancing two theories:

> that the Federal Constitution imposes a duty on the city to provides its employees with minimal levels of safety and security in the workplace, or that the city's 'deliberate indifference' to Collins' safety was arbitrary government action that must 'shock the conscience' of federal judges.

*Id.* at 126, 112 S.Ct. at 1069. The Court stated that "petitioner's submission that the city violated a federal constitutional obligation to provide its employees with certain minimal levels of safety and security is un-

precedented" and analogized her claim to a typical state-law tort claim. *Id.* at 127–28, 112 S.Ct. at 1069–70. It held that the Due Process Clause is a limitation on the State's power to act, not a guarantee of certain minimal levels of safety and security. *Id.* at 126, 112 S.Ct. at 1069, (quoting *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195, 109 S.Ct. 998, 1002–03, 103 L.Ed.2d 249 (1989)). The *Collins* analysis is applicable here, and the Court finds that there is no protected federal right to bodily integrity such as that urged by the Plaintiff in this case. *See also, Skinner v. City of Miami, Florida*, 62 F.3d 344, 347 (11th Cir. 1995).

■ Plaintiff also attempts to persuade this Court that an employer giving an employee a "particularly dangerous assignment" because of his gender would be a section 1983 violation. *Id.* at 119, 112 S.Ct. at 1065. Even taking the evidence in the light most favorable to the Plaintiff and assuming a right to bodily integrity, there is no evidence in the record in the instant case to support a finding that Plaintiff was intentionally assigned to work with Spangler because of his gender and that such assignment was "particularly dangerous." Therefore, this argument must also fail.

In Count III of the Amended Complaint the Plaintiff appears to allege a property interest in his employment as well as a protected interest in bodily integrity. However, in his responsive memorandum, Plaintiff states that he has not alleged or pursued violations of property rights in public employment in this case. The Court accepts the Plaintiff's representation of his case, and the Plaintiff is thus foreclosed from litigating a property interest claim.

Because the Plaintiff has not shown a constitutional violation resulted in harm to him under Counts I and III, the Court need not reach the issues of causation and responsibility. The Motion for Summary Judgment as to Counts I and III is **GRANTED.**

---

**2.** Plaintiff's counsel appears to rely at least in part on the lay opinions of two witnesses in the case for this proposition, a highly irregular and inappropriate practice. (Doc. No. 28 at 13).

## COUNT II—Equal Protection

In his claim for an equal protection violation, Plaintiff contends that female employees were "given carte blanche in even physically abusive behavior." Complaint at ¶ 76. Plaintiff also contends that his right to equal protection was violated because JoAnn Bothwell was promoted on the basis of her sex to a job for which she was not qualified and for which Plaintiff had also applied. Defendants argue that even if these allegations are accepted as true, the equal protection clause is inapplicable for several reasons.

First, Defendants contend that Orange County official policy prohibits rather than encourages discriminatory employment practices. Plaintiff argues that the existence of this policy is irrelevant because it could have been ignored. The Defendants also contend that the allegedly discriminatory promotional decisions were not made by a "final policy maker" so that any discriminatory motives could not be imputed to the County. Finally, because Plaintiff has identified only two allegedly discriminatory promotions, Defendants contend that these are insufficient to constitute the widespread practice necessary to cause a threshold violation of § 1983.

In response, Plaintiff contends that the two females in the welding department were treated preferentially in that the women attended certain parties, Bothwell went on vacation with the director of the maintenance department, and Spangler was not disciplined for extensive absentee problems that were not tolerated among the male employees. Doc. No. 28 at 28–29. Even if these allegations showed evidence of unconstitutional discrimination, Plaintiff has not alleged any corresponding harm he incurred as a result of these violations.

Thus the Motion for Summary Judgment on Count II is **GRANTED**.

## COUNTS IV and V—Reverse Discrimination and Wage Discrimination

Plaintiff was assaulted by Spangler in 1991, and Bothwell's promotions occurred in 1992 and 1993. Plaintiff did not file a discrimination charge based on these circumstances until June of 1995. Defendants have moved for summary judgment, alleging that the filing is untimely. Plaintiff contends that his suit is timely filed because of the continuing violation doctrine.

The continuing violation doctrine extends the statute of limitations period on a violation which continues into the present. *Calloway v. Partners Nat. Health Plans,* 986 F.2d 446 (11th Cir.1993) Plaintiff maintains generally that the allegedly ongoing and continuous pattern of discriminatory conduct treating the female welders differently and better than the male welders on the basis of their sex is sufficient proof to refute the Defendants' arguments that the statute of limitations has passed. Plaintiff contends that because he and Bothwell still work for the School Board and she continues to make more money than he does, the wrong is still actionable.

*Calloway* supports the Plaintiff's argument that the pay discrepancy caused by the allegedly discriminatory promotion is a continuing violation, and summary judgment as to this portion of Claims IV and V is **DENIED**. 986 F.2d at 448; *Bazemore v. Friday,* 478 U.S. 385, 395, 106 S.Ct. 3000, 3006, 92 L.Ed.2d 315 (1986).

As to Spangler, Plaintiff maintains that she was treated preferentially until Plaintiff filed his suit in 1995. However, Plaintiff has failed to tangibly connect the allegedly preferential treatment of Spangler after 1991 to any injury in fact. Plaintiff alleges "Defendants allowed females to physically attack males and prohibited the males from protecting themselves." However, other than the two 1991 incidents discussed supra, Plaintiff does not allege that he was physically attacked by Spangler or any other woman and was prohibited from defending himself. Therefore, the Court finds that the portion of the Plaintiff's claim dealing with Spangler's is barred by the statute of limitations and GRANTS partial summary judgment accordingly.

Plaintiff concedes that current Eleventh Circuit case law holds that individuals cannot be held personally liable under Title VII for their acts of discrimination. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991). Summary judgment in favor of Shaw in his

individual capacity is granted on Counts IV and V.

### CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment (Doc. No. 17) is **GRANTED** in part and **DENIED** in part as set forth *supra*. Plaintiff's only remaining claims are Count IV and V against Orange County and the Defendant Shaw in his official capacity.

**DONE AND ORDERED** at Orlando, Florida, this 12th day of July, 1996.